**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **ZACHARY D. GAGE, # 14024288,** ) | |
| Plaintiff, ) | |
| vs. ) | No. 3:14-CV-3172-B-BH |
| ) | |
| **DALLAS COUNTY JAIL,** ) | |
| Defendant. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this case has been automatically referred for screening. Based on the relevant filings and applicable law, the complaint should be **DISMISSED** as frivolous.

**I.  BACKGROUND**

Zachary D. Gage (Plaintiff) brings this action under 42 U.S.C. § 1983 against the Dallas County Jail. (Compl. at 4.)  He contends that he broke his ankle when he slipped and fell on the day room floor in water that was leaking from broken toilets.  (Compl. at 4.)  His injuries required surgery to place a metal plate and screws in his ankle.  (*Id.*)  Although the leaks had persisted for two months, he does not know if any defendant was aware of the condition.  (*See* Answers to Magistrate Judge's Questionnaire (MJQ Ans.) at 3-4.)  Plaintiff also complains that he was placed into general population after surgery instead of the infirmary.  (MJQ Ans. a 6.)  He seeks monetary compensation for his pain and suffering.  (Compl. at 4; MJQ Ans. at 7.)

**II.  PRELIMINARY SCREENING**

Plaintiff is an inmate in the Dallas County Jail. He has been permitted to proceed *in forma pauperis*.  As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.  *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam).  Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2).  Both § 1915(e)(2)(B) and § 1915A(b)

provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

### III. SECTION 1983

Plaintiff seeks monetary damages under 42 U.S.C. § 1983. That section "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States" and "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under § 1983, Plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

#### A. Non-Jural Entity

Plaintiff sues the Dallas County Jail. A plaintiff may not bring a civil rights action against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991).

In *Darby*, the Fifth Circuit held that "unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself." *Id.* at 313. The Dallas County Jail is not a jural entity subject to suit. S*ee Edwards v. Dallas County Jail Med. Dep't*, No. 3:07-CV-0886-G, 2007 WL 2687615, at *2 (N.D. Tex. Sep. 13, 2007).

The Magistrate Judge's Questionnaire provided Plaintiff notice that the jail is a non-jural entity and an opportunity to name any other defendant. In response, he listed the "Dallas County Jail System," and the "Dallas County Sheriff's Department." (MJQ Ans. at 1.) Like the jail itself, the Dallas County Jail System is also not a jural entity subject to suit. *See Edwards*, 2007 WL 2687615, at *2. Neither is a county sheriff's department. *See Magnett v. Dallas County Sheriff's Dep't*, No. 3:96-CV-3191, 1998 WL 51355, at *1 (N.D. Tex. Jan. 20, 1998). Plaintiff's claims against the Dallas County Jail, Dallas County Jail System and the Dallas County Sheriff's Department should therefore be dismissed.

**B. Negligence**

Plaintiff sues for negligence. (MJQ Ans. at 2.) Although he alleges that the toilets were leaking for two months, he does not claim any jail official was aware of the condition, or that the condition amounted to any violation of his constitutional rights. (MJQ Ans. 3-4).

Plaintiff has not alleged that the failure to fix the toilets or mop up the water was purposeful. Even if the alleged negligence caused an unintended injury, he has not stated a violation of his constitutional rights. *See Lemoine v. New Horizons Ranch & Ctr., Inc.*, 174 F.3d 629, 635 (5th Cir. 1999) (holding that negligence by state officials does not constitute a due process violation under the Fourteenth Amendment); *Quine v. Livingston*, 2006 WL 1662920, *1 (S.D. Tex. June 12, 2006)

3

(finding that prisoner's claim that officers' failure to place "wet floor" signs around ice machine resulted in his falling and breaking his ankle was a "garden-variety" negligence claim that did not present an issue of constitutional dimension). Plaintiff's claim of negligence is not actionable under § 1983 and should be dismissed.

## C. Medical Care

Plaintiff alleges that he had to get screws and a metal plate in his ankle, and that he was placed into the general population rather than the infirmary after surgery. He has not alleged any facts that would show that the care he received after his injury amounted to a violation of his constitutional rights. (MJQ Ans. at 5-6.) Mere disagreement with medical treatment is insufficient to state a civil rights claim. *Gibbs v. Grimmette*, 254 F.3d 545, 549 (5th Cir. 2001). Any medical care claims should also be dismissed.

## IV. RECOMMENDATION

Plaintiff's complaint should be **DISMISSED** with prejudice as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). This dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[1]

**SIGNED this 12th day of January, 2015.**

*Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[1] Section1915(g), which is commonly known as the "three-strikes" provision, provides:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE